IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JERRY DALE SCOGINS                                              PLAINTIFF

v.                               CIVIL NO.:08-3059

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jerry Scogins, appealed the Commissioner's denial of benefits to this court. On November 24, 2009, an Order was entered remanding this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 13). On February 22, 2010, plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA") requesting $4760.10 representing 29.65 attorney hours at an hourly rate of $152.00, 3.00 paralegal hours r an hourly rate of $75.00 and $28.30 in expenses. (Doc. # 15-3). The defendant has filed a response to plaintiff's motion, voicing no objections to plaintiff's motion for fees. (Doc. # 17).

**EAJA:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further

AO72A
(Rev. 8/82)

proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the

2

following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991)(quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Plaintiff requests attorney's fees under the EAJA at an hourly rate of $152.00.

## **HOURLY RATE:**

Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28

U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. In this case, counsel has attached a summary of the Consumer Price Index as an exhibit and presented evidence of an increase in the cost of living. Accordingly, we find that plaintiff's counsel is entitled to an hourly rate above the statutory minimum in the amount of $152.00 per hour.

**ATTORNEY HOURS:**

We next address the number of hours plaintiff's counsel claims she spent working on this case. Plaintiff's counsel seeks reimbursement for a total of 2.60 hours for work performed between August 18, 2008, and October 20, 2008, for reviewing the ALJ's unfavorable decision, reviewing the file, preparing the Complaint, and telephoning and corresponding with the plaintiff. The complaint was filed on October 20, 2008. Time spent at the administrative level is not compensable under the EAJA. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984). However, because some to this time was used to prepare the complaint and review plaintiff's pauper forms, we will deduct only .60 hours.

Counsel requests .10 hours for receiving and reviewing the order granting IFP status, .10 hours for receiving and reviewing the order of reference, .25 for preparing and reviewing the affidavit of service, .10 for receiving and reviewing the scheduling order, .25 hours for preparing a letter to plaintiff explaining the issues addressed in the brief, .70 hours for receiving and

4

reviewing the defendant's thirteen page brief, .30 hours for preparing a letter to plaintiff explaining the issues addressed in the defendant's brief, and .50 hours for receiving and reviewing the judgment and eight page memorandum opinion of the Court. After reviewing the aforementioned items, this court concludes that it should not have taken this amount of time to perform these tasks. *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898 (E.D.Ark. 1989). Many of the documents reviewed are simple one-page documents filed in all social security cases in this district. Therefore, we will deduct 1.85 hours for the total number of compensable hours.

Counsel has also requested a total of 3.00 paralegal hours for reviewing the complaint and summonses, preparing and sending the summonses and service letters, transcribing the EAJA submission of time itemization with proofreading of addition, and correcting and finalizing the EAJA submission. We find that the majority of these tasks could have easily been performed by a member of counsel's support staff. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA). They are form documents that are filed in all Social Security cases in this district. We will, however, award 1.50 paralegal hours for the preparation of the EAJA petition, as this is a task typically assigned to the attorney. Accordingly, we recommend deducting 1.50 paralegal hours from the total number of compensable hours.

The undersigned notes that counsel has also requested compensation for a total of 20.70 hours for reviewing the 597 page administrative transcript and preparing the plaintiff's 25 page appeal brief, only five pages of which contain legal argument. There were no unique or complex issues to be developed in this particular case, and plaintiff's counsel frequently represents social security plaintiff's before this court. She should be well versed in social security law.

5

Accordingly, we find that the time submitted for preparing this brief to be excessive. Therefore, we suggest reducing the number of hours submitted for the preparation of plaintiff's brief to 14.00 hours.

Counsel has also requested compensation for .50 hours for preparing and filing a motion for overlength brief and .10 hours for receiving and reviewing the order granting said motion. . As counsel should have been able to submit all arguments within the page limitations set by the court, we will award no additional time for the preparation or filing of the motion for overlength brief. Accordingly, .60 hours will be deducted from the total number of compensable hours.

**EXPENSES:**

In addition, Counsel seeks reimbursement for $28.30 in expenses incurred with regard to filing fees and expenses. Such expenses are recoverable under the EAJA and we find $28.30 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

**CONCLUSION:**

Based on the above, we recommend awarding plaintiff's attorney fees under the EAJA for: 19.90 (29.65-9.75) attorney hours at the rate of $152.00 per hour, 1.50 (3.00-1.50) paralegal hours at the rate of $75.00 per hour, and $28.30 in expenses, for a total attorney's fee award of $3165.60. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future. Further, this award should be paid directly to plaintiff's counsel. *Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008).

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

AO72A
(Rev. 8/82)

Dated this 25th day of February 2010.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)